# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BOBBY LEE BROWN, | ) CIVIL ACTION NO. 9:12-0947-MGL-BM |
| Petitioner, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| MILDRED RIVERA,<br>Warden, FCI ESTILL, | ) |
| Respondent. | ) |

This Petition for a writ of habeas corpus was filed on April 5, 2012, pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Federal Correctional Institution ("FCI") in Estill, South Carolina.

Respondent filed a motion to dismiss and/or for summary judgment, on August 13, 2012. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on August 14, 2012, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

Petitioner thereafter filed a response in opposition to the motion on September 7, 2012, as well as supplements to his response on September 10, 2012, September 20, 2012, October 29, 2012, and November 13, 2012. This matter is now before the Court for disposition.[1]



---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local

## Background

The record before the Court shows that Petitioner was found guilty on January 11, 1995, in the United States District Court for the Northern District of Georgia, of nine crimes, including conspiracy to possess stolen firearms, possession of firearms shipped in interstate commerce, concealment of stolen firearms, sale of stolen firearms (two counts), possession of a firearm by a convicted felon (two counts), conspiracy to possess a stolen interstate shipment, and possession of a stolen interstate shipment. See Respondent's Exhibit 4 (Judgment in Criminal Case). Subsequent to his convictions on the two §922(g) firearm counts, the court notified Petitioner that, pursuant to 18 U.S.C. § 924(e), he was subject to an enhanced statutory penalty of not less than fifteen (15) years due to his prior convictions for three violent felonies. See Respondent's Exhibit 3, p. 2 (Presentence Report). On May 3, 1995, Petitioner was sentenced by the United States District Court for the Northern District of Georgia to a total term of imprisonment of 260 months, which included a 260-month term on each of the § 922(g) counts, to run concurrently, as well as concurrent sentences on the seven other counts. See Respondent's Exhibit 5, pp. 760-761 (Sentencing Transcript).[2]

Petitioner filed a direct appeal, and his convictions and sentence were affirmed by the United States Court of Appeals for the Eleventh Circuit in United States v. Simpson, 124 F.3d 220 (11th Cir. 1997)(unpublished). See Respondent's Exhibit 1 (Criminal Case Docket Entry 161).[3] On

---

Rule 19.02(B)(2)(c), D.S.C. Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]The record reflects that Petitioner is due to be released on November 29, 2013. See Respondent's Exhibit 7 (Federal Bureau of Prisons Inmate Locator).

[3]Clifford Simpson was a co-defendant.



2

January 29, 1998, Petitioner filed a motion pursuant to 28 U.S.C. § 2255. See Respondent's Exhibit 1 (Criminal Case Docket Entry 162). The § 2255 motion was denied on December 8, 1999. See Respondent's Exhibit 1 (Criminal Case Docket Entry 185). Subsequently, on September 20, 2000, the Eleventh Circuit denied Petitioner's motion for a certificate of appealability. See Respondent's Exhibit 1 (Criminal Case Docket Entry 194). Since that time, Petitioner has filed numerous additional challenges to his convictions and sentence, including a motion to modify his sentence and a motion to reduce his sentence pursuant to 18 U.S.C. § 3582. All of these challenges were denied. See Respondent's Exhibit 1 (Docket Entries 197 and 202).

On October 5, 2009, Petitioner filed a petition seeking coram nobis relief, which the district court initially treated as a petition pursuant to 28 U.S.C. § 2241. In this petition, Petitioner challenged his sentence, claiming it was improperly enhanced based on prior convictions. This petition was ultimately dismissed as a successive § 2255 motion, which had been filed without authorization from an appellate court. Brown v. United States, No. 09-2770, 2010 WL 2927339 (N.D.Ga. June 30, 2010). Petitioner filed another § 2255 motion in December 2011, which was dismissed for lack of jurisdiction. See Respondent's Exhibit 1 (Criminal Case Docket Entries 235-236). Subsequent to that dismissal, Petitioner filed an application with the Eleventh Circuit Court of Appeals for authorization to file a second or successive § 2255 motion to vacate, raising the same argument he raises in this petition; i.e., a challenge to the armed career offender enhancement of his sentence, based on the holding in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010).[4] The Eleventh Circuit denied Petitioner's application in an order dated February 29, 2012, finding that



---

[4] The Supreme Court held in Carachuri-Rosendo that "[a] felony is a crime for which the maximum term of imprisonment authorized is more than one year." Carachuri-Rosendo, 130 S.Ct. at 2581 (citations and quotations omitted).

3

Carachuri-Rosendo did not announce a new rule of constitutional law and did not apply retroactively. See Respondent's Exhibit 6 (In Re: Bobby Brown, No. 12-10667-F (11th Cir. Feb. 29, 2012).

In a separate concurring opinion in the Eleventh Circuit order, one member of the three judge panel opined that Petitioner could possibly file a § 2241 habeas petition in the district of his confinement, but stated "I express no opinion as to whether Mr. Brown was properly sentenced as an armed career offender in light of recent Supreme Court decisions." See Respondent's Exhibit 6. Petitioner then filed this § 2241 petition, challenging his designation as an armed career offender for sentencing purposes, claiming that the state convictions used as predicates, both for the § 922(g) conviction and the § 924(e) enhancement, " . . . no longer qualify as felonies" in light of the definition of felony crimes in Carachuri-Rosendo v. Holder, supra, and Simmons v. United States, 649 F.3d 237 (4th Cir. 2011). Petitioner contends that these cases hold that state convictions must be for a crime punishable by more than one (1) year imprisonment, and that he must actually have received a punishment of more than one year to qualify for enhancement. The instant petition seeks retroactive application of the Supreme Court's decision in Carachuri-Rosendo v. Holder and the Fourth's Circuit decision in United States v. Simmons to his conviction and sentencing.

### Discussion

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010)(citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)(en banc)). "[Section] 2241 may [only] be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); see also Ennis v. Olsen, No. 00-7361,

4

2000 WL 1868982 at * 1 (4th Cir. Dec. 22, 2000). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. It is noted that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In re Vial, 115 F.3d at 1194 n. 5 (citations omitted)[It is beyond question that "§ 2255 is not inadequate or ineffective merely because an individual has been unable to obtain relief under that provision."]. Hence, to trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in In re Jones, 226 F.3d 328 (4th Cir. 2000). In Jones, the Court held that a petitioner must show that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-334.

Petitioner cannot satisfy all the elements of this test. Specifically, the second element



5

of the test requires that the "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Petitioner provides no evidence that the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Rather, Petitioner argues that he should be allowed to proceed under § 2241 because a substantive change in the law has rendered his sentence enhancement improper.[5] However, Fourth Circuit precedent has "not extended the reach of the savings clause to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)(citing In re Jones, 226 F.3d at 333-334); see also United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010)["[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."] Therefore, Petitioner's claim is insufficient to invoke the second element of the savings clause embodied in § 2255. Cf. Hines v. Owens, No. 10-2843, 2011 WL 53030 (D.S.C. Jan. 7, 2011).

In an effort to obtain relief, Petitioner attempts to rely on the holdings in three district court cases from the Eastern District of North Carolina: Farmer v. United States, 867 F.Supp.2d 785 (E.D.N.C. 2012); Bryant v. United States, No. 12-188, 2012 WL 1119756 (E.D.N.C. Apr. 3, 2012) and Mahorn v. United States, No. 12-188, 2012 WL 1253051 (E.D.N.C. Apr. 13, 2012), all of which

---

[5]To the extent that Petitioner is also claiming the district court erred in initially sentencing him and should recalculate his sentence, that claim is not properly before this Court. See Lansdowne v. Wilson, ___ F.Supp.2d ___, 2012 WL 4754561, at * 2 (E.D.Va. Oct. 3, 2012)["Nor can § 2241 be used as a substitute for § 2255 to challenge career criminal designations. Instead, actions pursuant to § 2241 are generally reserved for claims concerning the execution of a sentence."](citing United States v. Poole, 531 F.3d 263, 267 (4th Cir. 2008)[holding that relief on a claim of unlawful sentencing as a career criminal was unavailable pursuant to the § 2255 savings clause]. Petitioner could have raised that issue either at sentencing or on appeal to the extent that it is not related to a change in the law under Carachuri-Rosendo. However, he is procedurally barred from raising such a claim in a § 2241 petition. Bacon v. Federal Bureau of Prisons, No. 06-545, 2001 WL 34684734 at * 4 (D.S.C. Mar. 22, 2001).

6

granted relief to the petitioners based on the Carachuri-Rosendo decision.[6] However, all of these decisions were decided before the Fourth Circuit's recent holding in United States v. Powell, 691 F.3d 554 (4th Cir. 2012), that the holding in Carachuri-Rosendo does not apply retroactively. See Powell, 691 F.3d 554, 559-560 ["Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review."]; see also In Re: Bobby Brown, No. 12-10667-F (Respondent's Exhibit 6), p. 2 [Finding that holding in Carachuri-Rosendo did not apply retroactively to Petitioner's case]. Although Petitioner attempts to distinguish his petition and use the holding in Powell for support that he can proceed with his petition under § 2241, other courts have considered whether similar claims can proceed under § 2241 after Powell and have not allowed them to do so. See Lansdowne v. Wilson, supra; McCall v. United States, No. 12-792, 2012 WL 5995535 (W.D.N.C. Nov. 30, 2012)[dismissing under § 2255 and § 2241]; Brice v. United States, No. 12-525, 2012 WL 5902565 (W.D.N.C. Nov. 26, 2012); Hall v. United States, No. 12-762, 2012 WL 5902432 (W.D.N.C. Nov. 26, 2012)[dismissing under § 2255 and § 2241]; Teeter v. United States, No. 12-2641, 2012 WL 4514553 (D.Md. Sept. 28, 2012)[dismissing under § 2241]. Accordingly, this petition should be dsimissed.

**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion be **granted**, and that this petition be **dismissed.**

---

[6] The Court reconsidered its decision in Bryant and dismissed for lack of jurisdiction, without prejudice. See Bryant v. United States, 2012 WL 2236984 (E.D.N.C. June 15, 2012).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 13, 2012

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).